IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WILLIAM A. SPANN *et al.* ) | |
| ) | Case No. 3:23-cv-01028 |
| v. ) | Chief Judge Crenshaw |
| ) | Magistrate Judge Holmes |
| ED CARTER *et al.* ) | |

**MEMORANDUM ORDER**

Pending before the Court are two motions for a more definite statement, or, in the alternative, to strike. The first motion was filed by Defendants Ed Carter, Mitchell Bailey, Dale Grandstaff, Brad Jackson, Shawn Karns, and Bruce Griffey ("State Defendants") (Docket No. 6),[1] and the second motion was filed by Defendant Thomas Sutherland (Docket No. 7). Plaintiffs William A. "Spook" Spann and Marty Spann filed a collective response in opposition to both motions. (Docket No. 10.) For the reasons that follow, State Defendants' motion (Docket No. 6) and Defendant Sutherland's motion (Docket No. 7) are DENIED.[2]

### I. BACKGROUND

This lawsuit concerns a malicious prosecution claim that is ostensibly based on a series of events spanning over the last fifteen to twenty years, all of which center around or stem from Mr. Spann's career as a professional hunter. Plaintiffs, Mr. Spann and his wife, Mrs. Spann, filed their complaint on September 8, 2023 in the Circuit Court of Dickson County, Tennessee. They asserted one claim for malicious prosecution against several defendants. Those defendants include State

---

[1] State Defendants' motion includes an embedded supporting memorandum of law (Docket No. 6-5) rather than a separately filed one as required by Local Rule 7.01(a)(2).

[2] As discussed in more detail below, the description of Plaintiffs' specific bases for the malicious claim in the complaint comes perilously close to requiring a more definite statement. Nevertheless, because Defendants can propound contention interrogatories, the Court will not require a more definite statement or similar relief at this time.

1

Defendants: (1) Ed Carter, Mitchell Bailey, Dale Grandstaff, Brad Jackson, and Shawn Karns, all of whom are or were employees of the Tennessee Wildlife Resource Agency ("TWRA") and are alleged to have violated Mr. Spann's constitutional rights; and (2) Bruce Griffey, who was a District Attorney General and is alleged to have improperly charged Plaintiffs with certain crimes.[3] (Docket No. 1-3.) They also include additional defendants: (3) John Does 1–10, who are alleged to be unknown persons who assisted the TWRA; (4) Thomas Sutherland, who was formerly employed by Mr. Spann and is alleged to have violated Mr. Spann's constitutional rights; and (5) Asurion Insurance Services, Inc., an IT company that is alleged to have pursued certain "baseless" criminal charges against Plaintiffs.[4] (*Id.*)

In the complaint, Plaintiffs allege that all of the Defendants have taken a broad array of actions against Plaintiffs, most of which are related to Mr. Spann's hunting. They claim that these actions have culminated in the malicious prosecution of Plaintiffs for criminal charges that are baseless. These actions range from the seizure of a "rack of the Kansas buck" that Mr. Spann shot in 2007 (*id.* at ¶ 25) to the unpermitted installation of video cameras on Plaintiffs' property (*id.* at ¶ 31) to an anonymous phone call to the school of Plaintiffs' son stating that their son "had a gun in his truck" (*id.* at ¶ 33). These are but a few of the many allegations contained in the complaint.

Although Plaintiffs include only one explicit cause of action for malicious prosecution, they make additional allegations throughout their complaint that Defendants have committed

---

[3] As State Defendants and Defendant Sutherland note, this is not the first lawsuit that Mr. Spann has filed against them. Mr. Spann previously initiated a lawsuit against them in this Court in 2014 wherein Mr. Spann asserted a claim under 42 U.S.C. § 1983. (Docket No. 6-2.) The lawsuit was dismissed by former Chief Judge Kevin H. Sharp in July 2015 (Docket No. 6-3) and the Sixth Circuit Court of Appeals affirmed the dismissal in May 2016 (Docket No. 6-4). *See Spann v. Carter*, No. 3:14-cv-01267 (M.D. Tenn. 2014); *Spann v. Carter*, No. 15-5894 (6th Cir. 2015).

[4] There is no indication on the docket that Defendant Asurion Insurance Services, Inc. has been served with process, though counsel has entered an appearance on its behalf. (Docket No. 9.)

various "constitutional violations." For example, Plaintiffs assert that Defendant Sutherland provided false testimony in federal court to the detriment of Mr. Spann (*id.* at ¶¶ 8, 37, 39); Defendant Griffey charged Plaintiffs without probable cause and denied Mrs. Spann access to legal counsel after she was arrested (*id.* at ¶¶ 13, 45); and Defendants Carter and Bailey unlawfully seized Mr. Spann's property (*id.* at ¶ 49). Plaintiffs allege that all these actions – and many others – are evidence that Defendants "collectively and in a covin [sic] brought baseless charges against [Plaintiffs] without probable cause and with malice." (*Id.* at ¶¶ 3, 4, 57.)

In immediate response to the complaint, State Defendants and Defendant Sutherland removed the matter from the Circuit Court of Dickson County, Tennessee to this Court.[5] (Docket No. 1.) After removal, State Defendants filed their motion for a more definite statement (Docket No. 6), which Defendant Sutherland adopted and joined in his own motion (Docket No. 7).

State Defendants' main argument in support of their motion is that Plaintiffs' allegations are "so confusing, rambling, and vague" that State Defendants "cannot discern what exactly the claims are in this Complaint." (Docket No. 6-5 at 3.) To illustrate their confusion, they state that they are unsure if the claim for malicious prosecution is limited to prior criminal charges against Plaintiffs for "insurance fraud and evidence tampering" or if other criminal charges are relevant. (*Id.*) In addition, they argue that the civil rights claims that Plaintiffs include throughout the complaint are not "stated with greater particularity" as required; accordingly, they argue that the motion for a more definite statement is even more warranted because the pleading standard is heightened. (*Id.* at 4.) Finally, as an alternative to a more definite statement, they ask the Court to

---

[5] Defendant Asurion Insurance Services does not appear to have been involved with the removal of this matter from state court, most likely because there is no indication that Defendant Asurion Insurance Services had been served with the complaint at the time of removal. *See* Docket No. 1 at 3.

strike extraneous and irrelevant paragraphs in the complaint, but only if the Court finds that Plaintiffs' malicious prosecution claim is, indeed, limited to charges for "insurance fraud and evidence tampering." (*Id.*)

In their brief response to the motions, Plaintiffs argue that the allegations in their complaint are material and relevant to their malicious prosecution claim. (Docket No. 10.) They also assert that State Defendants and Defendant Sutherland have failed to demonstrate that they are unable to respond to the factual allegations in the complaint. (*Id.*) Plaintiffs state that it is "clear that this is a malicious prosecution case" and that they included so many facts because the claim involves "years of harassing behavior." (*Id.* at 1–2.) Plaintiffs do not respond to the argument that civil rights claims must be "stated with greater particularity."

## II. LAW AND ANALYSIS

State Defendants and Defendant Sutherland have asked for two alternative remedies: first, for the Court to order Plaintiffs to file a complaint that includes a "more definite statement;" and second, to strike certain allegations from Plaintiffs' complaint if it is determined that their claim for malicious prosecution is limited to charges for "insurance fraud and evidence tampering." As explained below, the Court will deny both requests.

### A. Motion for More Definite Statement

A party "may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, whether to grant a motion for a more definite statement is "within the discretion of the trial court." *Salami v. Gateway Foundation, Inc.*, No. 19-11683, 2020 WL 5102145, at *1 (E.D. Mich. Aug. 6, 2020) (citations omitted). Despite the discretionary standard, courts generally disfavor and rarely grant motions for more definite statements because of "the notice pleading standards of Rule

8(a)(2) and the opportunity for extensive pretrial discovery." *Fed. Ins. Co. v. Webne*, 513 F.Supp.2d 921, 924 (N.D. Ohio 2007) (citations omitted).

Accordingly, if a complaint meets the notice pleading requirements of Rule 8(a)(2), a motion for a more definite statement should be denied. *Shirk v. Fifth Third Bancorp*, No. 05-cv-049, 2008 WL 4449024, at *8 (S.D. Ohio 2008). Rule 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). In short, a motion for a more definite statement "should not be granted unless the complaint is 'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Acosta v. Peregrino*, No. 3:17-cv-01381, 2018 WL 2045938, at *1 (M.D. Tenn. May 2, 2018) (quoting *E.E.O.C. v. FPM Group, Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. Sept. 28, 2009)).

Applying the above principles to this case, the Court finds that State Defendants and Defendant Sutherland have failed to demonstrate that Plaintiffs' complaint is "so excessively vague and ambiguous" that it is "unintelligible." *Id.* Although the complaint is far from a model in clarity or concision, the allegations meet the notice pleading requirements of Rule 8(a)(2). The complaint contains, at a minimum, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs clearly set forth the parties, including all nine defendants. (Docket No. 1-3 at ¶¶ 1–13.) They also include approximately 40 paragraphs of factual allegations that set forth an extensive – albeit occasionally confusing and out of order –

timeline related to what they contend is the collective malicious prosecution of charges that were brought against them "without probable cause for an improper purpose." (*Id.* at ¶ 56.) These factual allegations provide sufficient notice as to what claim is alleged – malicious prosecution. (*Id.* at ¶¶ 57–61.)

Nevertheless, the Court agrees with State Defendants and Defendant Sutherland that the link between the factual allegations and the malicious prosecution claim is not abundantly clear thanks to Plaintiffs' inartful drafting of their complaint. Plaintiffs mention at least two potential charges against them: (1) the 2011 charge against Mr. Spann for "harvesting the 2007 Kansas buck with the wrong hunting license and with violating the federal Lacey Act for transporting the buck from Kansas to his primary residence in Tennessee" (*id.* at ¶ 26); and (2) the 2014 charge against Mr. Spann and Mrs. Spann for "tampering with evidence and insurance fraud related to [a] cell phone" (*id.* at ¶ 43).[6] It is not clear which of these charges is the basis of the malicious prosecution claim, but the cause of action allegations (*id*. at ¶¶ 57-61) refer to criminal charges against Plaintiffs that were "terminated in their favor on or about September 13, 2022." (*Id*. at ¶ 58.) This refinement, general as it is and which could admittedly have been much more descriptive to identify the specific charges that were terminated, at a minimum, provides sufficient notice to State Defendants and Defendant Sutherland.[7] Although the complaint admittedly includes facts that are not in chronological order and allegations that have no readily apparent direct link to the malicious prosecution claim, the complaint nevertheless renders plausible (i.e., more than merely possible)

---

[6] Plaintiffs also reference a 2014 charge against their son for having a gun on school grounds. (Docket No. 1-3 at ¶ 33.)

[7] Presumably, at least Defendant Bruce Griffey, as the prosecutor, and perhaps other defendants as well, are aware of the specific charges against Plaintiffs that were terminated in September 13, 2022. But, even if not, Defendants may, as noted above, propound contention interrogatories to Plaintiffs for clarity about the specific terminated charges.

6

Case 3:23-cv-01028   Document 11   Filed 10/30/23   Page 6 of 10 PageID #: 123

Plaintiffs' legal claim of malicious prosecution for charges that were terminated in September 2022. *Fritz*, 592 F.3d at 722.[8]

Furthermore, State Defendants and Defendant Sutherland are not without a remedy for Plaintiffs' inartful drafting. First, they will have the opportunity to engage in "extensive pretrial discovery." *Webne*, 513 F.Supp.2d at 924. Discovery – and not a motion for a more definite statement – is "the more appropriate vehicle for obtaining the detailed information" that State Defendants and Defendant Sutherland seek to help them better understand how each factual allegation does or does not support Plaintiffs' malicious prosecution claim. *Patterson v. Anderson*, No. 3:10-0464, 2010 WL 5092769, at *1 (M.D. Tenn. Dec. 7, 2010) (citing Moore's Federal Practice 3d § 12.36[1], p. 12–121 to –122); *see also DeVore Brokerage Co. v. Goodyear Tire & Rubber Co.*, 308 F.Supp. 279, 281 (M.D. Tenn. 1969) ("If the pleading is sufficiently definite so that an opponent can reply to it, the motion for a more definite statement should be denied, and any particular which the opponent needs may be obtained through discovery procedures.") Further, State Defendants and Defendant Sutherland are free to move to dismiss Plaintiffs' claim for malicious prosecution pursuant to Rule 12(b)(6) if they believe that Plaintiffs have failed to state a claim upon which relief can be granted.[9] These two remedies – discovery and the dismissal of claims – are more appropriate tools than broadly requiring a more definite statement.

---

[8] The Court also notes that Defendants arguments conflate responding to Plaintiffs' claim to responding to Plaintiffs' allegations. The only claim asserted by Plaintiffs is malicious prosecution, based on charges that were terminated in or about September 2022. As provided for in this memorandum order, the Court will require Plaintiffs to more definitely state the specific terminated charges that allegedly form the basis of their malicious prosecution claim.

[9] To be clear, the Court is not inviting a motion to dismiss. Nevertheless, to avoid a motion to dismiss, or in response to one, Plaintiffs may find it expedient to seek leave to amend their complaint to provide details of the specific terminated charges that allegedly give rise to their malicious prosecution claim. Further, the Court reminds all parties that neither discovery nor the

Finally, the Court disagrees with State Defendants and Defendant Sutherland that civil rights complaints are to be stated with greater particularity. (Docket No. 6-5 at 6.) First, in *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, the Supreme Court of the United States explicitly held that allegations of municipal liability under 42 U.S.C. § 1983 for civil rights violations are not required to be pled with "greater particularity" than other claims. 507 U.S. 163, 168 (1993).[10] Further, and most importantly, although Plaintiffs make allegations regarding generic constitutional violations, they do not set forth an explicit cause of action for any particular civil rights violation. Accordingly, the general allegations in Plaintiffs' complaint that include mere references to constitutional violations will not be held to a heightened standard for purposes of the present motion for a more definite statement.

**B.     Motion to Strike**

A court may strike "any redundant, immaterial, impertinent, or scandalous" matter from a pleading. Fed. R. Civ. P. 12(f). An allegation is impertinent or immaterial when it "is not relevant to the issues involved in the action" and is scandalous when it "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of

---

entire case is stayed during the pendency of dispositive motions, unless expressly ordered by the Court. *See* Local Rule 16.01(g).

[10] The Court also finds that the cases to which State Defendants and Defendant Sutherland cite to support their contention that the complaint should have been pled with "greater particularity" are inapposite to the present case and are not binding on the Court. (Docket No. 6-5 at 6 (citing *See Robinson v. Genesee Cnty. Sheriff's Dep't*, No. 16-CV-13805, 2017 WL 1105060 (E.D. Mich. 2017); *Farah v. Martin*, 122 F.R.D. 24 (E.D. Mich. 1988).) In those cases, which were decided in the Eastern District of Michigan, the plaintiff explicitly pled a cause of action under § 1983 or for violations of the plaintiff's "First Amendment, due process, and Eight Amendment rights." *Robinson*, 2017 WL 1105060 at *2. Here, though Plaintiffs do allege various constitutional violations throughout their complaint, they have not explicitly included a claim under § 1983 or for any particular violations of the plaintiff's civil rights. *Robinson*, 2017 WL 1105060 at *2. This is not to say that Plaintiffs have not made allegations of civil rights violations, but Plaintiffs have not set forth any explicit causes of action like the plaintiffs in the cited cases.

8

the court." *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 107 F.Supp.3d 772, 801 (E.D. Mich. 2015) (citation omitted) (internal quotations omitted). However, "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Williams v. E. I. du Pont de Nemours & Co., Inc.*, No. 2:15-cv-02111, 2016 WL 7192173, at * 2 (W.D. Tenn. Dec. 12, 2016) (citation omitted). Striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002) (quoting *Brown*, 201 F.2d at 822).

The Court finds no basis at this time to strike any of the allegations in Plaintiffs' complaint. State Defendants and Defendant Sutherland have not demonstrated than any allegations are "redundant, immaterial, impertinent, or scandalous." Rather, State Defendants and Defendant Sutherland predicate their request to strike on a finding that the malicious prosecution claim is limited to charges for "insurance fraud and evidence tampering." They argue that, if the malicious prosecution claim is narrowed, certain allegations in the complaint, which would seem to have no bearing on such a narrowed claim, would need to be stricken as irrelevant. As detailed above, the Court is not in a position to or able to make such a finding regarding the scope of Plaintiffs' claim for malicious prosecution.[11] At this early stage of litigation, it is the parties' obligation to better understand or narrow the claims via discovery or a motion under Rule 12(b)(6). For these reasons, the Court will deny State Defendants and Defendant Sutherland's alternative request to strike certain paragraphs from Plaintiffs' complaint.

---

[11] Nor would the undersigned find it appropriate to do so in the context of a motion for a more definite statement or a motion to strike. Determination of the substantive scope of Plaintiffs' malicious prosecution claim is fundamentally in the nature of dispositive relief, which is ordinarily outside the statutory purview of a magistrate judge to rule on.

### III. CONCLUSION

For the foregoing reasons, State Defendants' motion (Docket No. 6) and Defendant Sutherland's motion (Docket No. 7) are denied.

Despite not finding a sound basis at this time to grant the broad relief requested by Defendants, the Court nevertheless cautions Plaintiffs that they will be expected in discovery to do the very thing that Defendants seek in their motion for a more definite statement; namely, to provide succinct and direct responses to inquiries about the factual bases for their malicious prosecution claim. Further, Plaintiffs will not be permitted to consume Defendants' time and resources in discovery of contextual facts or circumstances that were already litigated or that have little direct relevance to the single malicious prosecution claim.[12] Plaintiffs and their counsel must moderate their conduct accordingly.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[12] To be clear, the Court is not restricting Defendants from using any discovery tools or requests for admission to weed out factual allegations that have no relevance to the malicious prosecution claim. What the Court will not permit is for Plaintiffs to rehash facts or circumstances that were already litigated or to pursue discovery that is not relevant to the limited malicious prosecution claim asserted in the complaint.