UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTY SPANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:23-cv-01028 |
| | ) |
| ED CARTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case arises out of Mrs. Marty Spann's allegations that Defendants Asurion Insurance Services, Inc. ("Asurion"); former District Attorney General Bruce Griffey; and Tennessee Wildlife Resource Agency ("TWRA") employees Ed Carter, Mitchell Bailey, Dale Grandstaff, Brad Jackson, and Shawn Karns (collectively with Griffey, the "State Defendants") maliciously prosecuted her for evidence tampering and insurance fraud. Before the Court are two Motions to Dismiss filed by the State Defendants (Doc. No. 27) and Asurion (Doc. No. 31). These motions have been fully briefed and are ripe for review. (See Doc. Nos. 28–30, 32, 46). For the following reasons, the Court will grant both motions and dismiss this case.

I.  FACTUAL ALLEGATIONS

Although the operative Amended Complaint reads like a potential blockbuster movie involving "a monster buck," "Spook Nation," a "lifetime hunting ban," "hidden cameras," "a gun on school grounds," and multiple police raids, the Court need only recite a few allegations to resolve the pending motions. That is, on February 21, 2014, Mrs. Spann was arrested and charged with tampering with her husband's cellphone—which she allegedly knew was potential evidence in a TWRA investigation—and filing a false insurance claim with Asurion reporting that the

cellphone was missing. (Doc. No. 25 ¶ 43–44; Doc. No. 27-1). On September 13, 2022, more than eight years after the arrest, the State of Tennessee dismissed the charges against Mrs. Spann under Tennessee Rule of Criminal Procedure 48(a). (Doc. No. 25 ¶ 54; Doc. No. 27-2).

Mrs. Spann then brought this lawsuit against the State Defendants and Asurion for malicious prosecution, alleging that each Defendant played a role in "bringing the baseless action [against her] to begin with" and "continuing to prosecute the action without probable cause." (Doc. No. 25 ¶¶ 58–71). Asurion and the State Defendants have now moved to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). When determining whether the complaint meets this standard, the Court must accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Moreover, the Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232 (1974)). And "[w]hile the complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more

---

[1] Former Plaintiff and Mrs. Spann's husband, William A. Spann, recently stipulated to the dismissal of his claims against all Defendants with prejudice, and Mrs. Spann dismissed her claims against former Defendant Thomas Southerland. (See Doc. Nos. 57, 60).

than labels and conclusions" or "a formulaic recitation of a cause of action's elements[.]" Blackwell, 979 F.3d at 524 (internal quotation marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"In reviewing a motion to dismiss, the Court 'may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein.'" Kreipke v. Wayne State Univ., 807 F.3d 768, 774 (6th Cir. 2015) (quoting Bassett v. NCAA, 528 F.3d 426, 430 (6th Cir. 2008)). "Such public records that a court may consider include documents from other court proceedings." Watermark Senior Living Ret. Cmtys., Inc. v. Morrison Mgmt. Specialists, Inc., 905 F.3d 421, 425–26 (6th Cir. 2018). Accordingly, the Court may take judicial notice of the relevant state court documents referenced in the Amended Complaint, including the February 20, 2014 Indictment (Doc. No. 27-1; see also Doc. No. 25 ¶ 44) and the September 13, 2022 Order of Dismissal (Doc. No. 27-2; see also Doc. No. 25 ¶¶ 54, 70).

### III. ANALYSIS

As an initial matter, the Court construes the Amended Complaint as asserting malicious prosecution claims against all Defendants under both Tennessee and federal law. (See Doc. No. 25 ¶ 15 (alleging that "jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 (federal claims) and 1367 (supplemental jurisdiction")). Given that the elements necessary to prove malicious prosecution differ under these laws, the Court will analyze each claim separately below.

#### A. Malicious Prosecution Under Tennessee Law

To establish a malicious prosecution claim under Tennessee law, a plaintiff must show that: "(1) a prior suit or judicial proceeding was instituted without probable cause, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in plaintiff's

3

Case 3:23-cv-01028   Document 62   Filed 05/17/24   Page 3 of 8 PageID #: 431

favor." Weser v. Goodson, 965 F.3d 507, 517 (6th Cir. 2020) (quoting Roberts v. Fed. Express Corp., 842 S.W.2d 246, 247–48 (Tenn. 1992)). The State Defendants and Asurion argue that Mrs. Spann's state malicious prosecution claim fails under the third element because the criminal proceeding at issue did not terminate in her favor. (Doc. Nos. 28 at 3–4; 32 at 4–5).

The Tennessee Supreme Court recently clarified that, for purposes of malicious prosecution, an action is terminated in a plaintiff's favor "only if an objective examination, limited to the documents disposing of the proceeding or the applicable procedural rules, indicates the termination of the underlying criminal proceeding reflects on the merits of the case and was due to the innocence of the accused." Mynatt v. Nat'l Treasury Employees Union, Chapter 39, 669 S.W. 3d 741, 752 (Tenn. 2023). Here, the September 15, 2022 Order of Dismissal is the only document in the record "disposing of" the underlying criminal proceeding. (See Doc. No. 27-2). That two-sentence Order merely states that the Court granted the State of Tennessee's Request for Dismissal under Tennessee Rule of Criminal Procedure 48(a). (Id.). Rule 48(a), in turn, provides that "[w]ith the court's permission, the state may terminate a prosecution by filing a dismissal of an indictment, presentment, information, or complaint." Tenn. R. Crim. P. 48(a). There is no language in the Order or Rule 48(a) that "reflects on the merits of the case" or indicates that the case was terminated due to Mrs. Spann's innocence. See Mynatt, 669 S.W. 3d at 752.

Mrs. Spann responds that the Order of Dismissal, by its very nature, establishes that she was "innocent from the start." (Doc. No. 29 at 1–2). However, the Tennessee Supreme Court makes clear that the Court may not *infer* innocence from a dismissal:

> [T]here are numerous reasons why a prosecutor might decide to dismiss a case. For instance, dockets may become overcrowded, a prosecutor's primary witness may be afraid to testify, or it may be difficult for the prosecutor to gather evidence in a timely manner. Although there is a presumption of innocence in criminal cases, a dismissal does not, by virtue of that, indicate innocence or that the action is without merit. These other possibilities demonstrate that while a lack of evidence is

4

certainly one possible reason to dismiss a case, it is far from the only possible
reason.

Mynatt, 669 S.W. 3d at 752. Accordingly, the Court will dismiss Mrs. Spann's state malicious prosecution claim because, like the plaintiff in Mynatt, she did "not allege facts sufficient to show that the dismissal of [her] criminal charges constituted a favorable termination."[2] Id. at 753.

**B.** **Malicious Prosecution Under Federal Law**

Turning to Mrs. Spann's federal claim, 42 U.S.C. § 1983 provides that "an individual may bring a private cause of action against anyone who, acting under color of state law, deprives a person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); see also 42 U.S.C. § 1983. "The Sixth Circuit recognizes a constitutional claim—grounded in the Fourth Amendment—against government officials whose 'deliberate or reckless falsehoods result in arrest and prosecution without probable cause.'" Creger v. Tucker, Nos. 23-5045/5047, 2024 WL 124437, at *10 (6th Cir. 2024) (quoting Newman v. Twp. of Hamburg, 773 F.3d 769, 771–72 (6th Cir. 2014)); see also Coffey v. Carroll, 933 F.3d 577, 591 (6th Cir. 2019). Federal malicious prosecution "claims are in effect false arrest claims, arising out of the Fourth Amendment's prohibition on unreasonable seizures." Price v. Montgomery Cnty., 72 F.4th 711, 719 (6th Cir. 2023) (citing Sykes v. Anderson, 625 F.3d 294, 308–10 (6th Cir. 2010)).

To successfully bring a § 1983 malicious prosecution claim under the Fourth Amendment, a plaintiff must plausibly allege four elements: "(1) the defendant made, influenced, or participated in the decision to prosecute the plaintiff; (2) there was no probable cause for the prosecution; (3) as a consequence of the legal proceedings, the plaintiff suffered a deprivation of liberty apart from

---

[2] Given this conclusion, the Court need not address Asurion's additional argument that Mrs. Spann failed to allege facts showing that Asurion acted with the requisite malice. (See Doc. No. 32 at 3–4).

the initial arrest; and (4) the criminal proceeding was resolved in the plaintiff's favor." Monson v. City of Detroit, Nos. 22-2050/2122, 2024 WL 84093, at *6 (6th Cir. Jan. 8, 2024) (quoting France v. Lucas, 836 F.3d 612, 625 (6th Cir. 2016)). While similar, the elements for federal and Tennessee malicious prosecution claims differ in a few key areas. One difference is that "malice is not an element of a § 1983 suit for malicious prosecution." Sykes, 625 F.3d at 310. Another difference, which is particularly relevant here, involves the favorable-termination requirement. Specifically, the Supreme Court recently held "that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence." Thompson v. Clark, 596 U.S. 36, 49 (2022). "A plaintiff need only show that the criminal prosecution ended without a conviction." Id. Because the September 13, 2022 Order of Dismissal (Doc. No. 27-2) establishes that Mrs. Spann's criminal prosecution ended without a conviction, she has plausibly alleged that "the criminal proceeding was resolved in [her] favor." Monson, 2024 WL 84093, at *6. The Court's analysis does not end there, however, because Asurion and the State Defendants have moved to dismiss Mrs. Spann's federal malicious prosecution claims on two other grounds.

First, Asurion argues that the Court should dismiss Mrs. Spann's claim because she failed to allege that Asurion is a state actor. "Section 1983, by its own terms, applies only to those who act 'under color' of state law." Weser v. Goodson, 965 F.3d 507, 515 (6th Cir. 2020). "Therefore, as a general rule, § 1983 does not reach the conduct of private parties acting in their individual capacities." Id. at 516 (citation omitted). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (citations and internal quotation marks omitted). Although

the Complaint alleges that "[t]he named Defendants herein operated at all times complained of herein under the color of state and federal law as they conducted unreasonable searches and seizures," (Doc. No. 25 ¶ 10), it does not specify or indicate how Asurion, a private insurance company, acted with state-given authority. Such conclusory allegations are insufficient to show that Asurion is a state actor. See Iqbal, 556 U.S. at 679. Even more telling, Mrs. Spann's response to Asurion's motion does not refute (or even acknowledge) Asurion's argument about not being a state actor. (See Doc. No. 46). Accordingly, the Court will dismiss Mrs. Spann's federal malicious prosecution claim against Asurion because the Complaint fails to allege Asurion acted under color of state law.

Second, the State Defendants contend that Mrs. Spann's federal malicious prosecution claim—whether based on the initiation of the criminal action or the continuation thereof—fails on the second element because the grand jury indictment (Doc. No. 27-1) provides a presumption of probable cause for Mrs. Spann's prosecution. (Doc. Nos. 28 at 4–5; 30 at 2). In response, Mrs. Spann appends large portions of the Amended Complaint to her brief and argues that the "Amended Complaint goes into great factual detail in numbered paragraphs 16–73 as to how Defendants violated [her] rights and prosecuted [her] without cause." (See Doc. No. 29 at 3–12).

"A grand-jury indictment creates a presumption of probable cause in malicious prosecution cases." Allen v. Rucker, 304 F. Supp. 3d 638, 643 (E.D. Ky. 2018) (citing Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir. 2002)). Indeed, "it has long been settled" in the Sixth Circuit that "the finding of an indictment, fair upon its face, by a properly constituted grand jury, *conclusively* determines the existence of probable cause" for a criminal prosecution. Higgason, 288 F.3d at 877 (6th Cir. 2002) (citations omitted) (emphasis added). A plaintiff can rebut this conclusive grand-jury-probable-cause presumption only by showing that the defendant knowingly or recklessly

presented false testimony to the grand jury. <u>Allen</u>, 304 F. Supp. 3d at 643 (citing <u>Bickerstaff v. Lucarelli</u>, 830 F.3d 388, 398 (6th Cir. 2016)).

Here, Mrs. Spann has not come close to rebutting this probable cause presumption because she has not alleged that any State Defendant provided false testimony to the grand jury to secure an indictment. <u>See</u> <u>id.</u> at 646 (holding that a plaintiff can rebut "the probable cause presumption created by a grand jury indictment" only if she tells "the court what *particular* evidence was fabricated or what *particular* testimony was falsified"). At most, the Amended Complaint alleges that Mrs. Spann was "prosecuted without probable cause, for an improper purpose, and with malice as there was no basis to charge [her] in the first place."[3] (<u>Id.</u> ¶ 57; <u>see also</u> <u>id.</u> ¶¶ 12–13, 52, 55, 68, 71). But these conclusory statements, without more, amount to vague "[t]hreadbare recitals" of the elements for a federal malicious prosecution claim and are insufficient to survive a motion to dismiss. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678. Accordingly, the Court will dismiss Mrs. Spann's remaining federal malicious prosecution claims for failing to rebut the probable cause presumption created by the February 20, 2014 grand jury indictment (Doc. No. 27-1).

## IV. CONCLUSION

For the foregoing reasons, the State Defendants' Motion to Dismiss (Doc. No. 27) and Asurion's Motion to Dismiss (Doc. No. 31) will be granted, and this case will be dismissed.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The Amended Complaint also alleges that Thomas Sutherland (a dismissed defendant) "provided false testimony and evidence" against Mrs. Spann's husband in an unrelated federal case in Kansas. (Doc. No. 25 ¶¶ 8, 37, 39, 64).